IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Markies Terrill Collins, ) | |
| ) | C/A No. 0:15-2437-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Lt. McGhee; Sgt. Johnson; Ofc. Robinson; ) | |
| Ofc. Simmons; Ofc. Lease; Sgt. Lyde; ) | |
| Ofc. Hunter; Sgt Turbide; Capt. Thompson; ) | **ORDER AND OPINION** |
| Lt. Forde; Lt. Williams; Capt. Sheppard; ) | |
| Major Nettles; South Carolina Department ) | |
| of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Markies Terrill Collins is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Lieber Correctional Institution (LCI) in Ridgeville, South Carolina. On June 17, 2015, Plaintiff, proceeding pro se, filed a complaint asserting that Defendants, correctional officers at LCI, had violated his constitutional rights in various respects. Specifically, Plaintiff contends that (1) he was subjected to an excessive amount of chemical munitions in his cell; (2) he was subjected to excessive force by a Force Cell Movement Team; and (3) he was denied medications and food and was put in danger by a safety hazard in his cell. See generally ECF No. 1. Plaintiff seeks damages pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On February 15, 2016, Defendants jointly filed a motion for summary judgment. By order filed February 16, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond

adequately. Plaintiff filed no response in opposition to Defendants' motion.

On July 27, 2016, the Magistrate Judge issued a Report and Recommendation in which she (1) found that Defendants' use of chemical munitions was a good faith effort to restore and maintain prison discipline; (2) the physical force used to extract Plaintiff from his cell was commensurate with the reasonably perceived threat posed by Plaintiff; and (3) all other claims fail to state a plausible claim for relief. The Magistrate Judge further determined that the court should decline to exercise jurisdiction over any state law claims. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Defendants'

motion for summary judgment (ECF No. 43) is **granted**. The court declines to exercise jurisdiction over any state law claims alleged by Plaintiff. See 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 29, 2016

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**